```
USDC SDNY
DOCI
FILED
                    12/12/11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
STUART N. BOSSOM and JOEL BOSSOM,           :
                   Plaintiffs,           :

                                          :

v.                                          :

                                          :

BUENA CEPA WINES, LCC, and BUENA           :
CEPA WINES USA, LLC,                        :
                        Defendants.           :
-------------------------------------------------------x

**MEMORANDUM DECISION**

11 CV 6890 (VB)

Briccetti, J.:

      Plaintiffs Stuart Bossom and Joel Bossom have brought this action for breach of employment contract, enforcement of a judgment, and payment of fees against defendants Buena Cepa Wines, LLC ("Buena"), and its successor Buena Cepa Wines USA, LLC ("Buena USA"). Defendants move to transfer venue to the United States District Court for the District of New Jersey. (Docs. #8, #9). For the reasons set forth below, the motion is DENIED.

      The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## BACKGROUND

      For purposes of ruling on a motion to transfer venue, the Court accepts all factual allegations of the complaint as true.

      Plaintiff Stuart N. Bossom ("Stuart") was employed by defendants from January 5, 2009, to November 30, 2010. He is a resident of New York and executed his employment agreement here. While employed by defendants, he regularly did business in New York and neighboring states. He alleges defendants breached his employment contract by withholding certain compensation, wages, and benefits.

1

Plaintiff Joel Bossom ("Joel") was retained by Buena to perform legal services on November 30, 2009. Joel is a resident of New York and performed services for defendants in New York. He alleges he was not paid for his services.

Defendants import wines from Argentina and Chile to distributors in the United States. Defendants regularly conduct business in New York, and those revenues comprise a significant portion of their business. Defendant Buena USA acquired the assets, contracts, and business relationships of defendant Buena shortly after it was created. Buena USA has headquarters in Cape May, New Jersey. Buena's main headquarters are in Florida. Plaintiffs allege Buena USA has replaced Buena and become responsible for its prior debts, liabilities, and obligations.

## DISCUSSION

Defendants move to transfer venue pursuant to 28 U.S.C. § 1404. A motion to transfer venue first requires the Court to decide whether the case could have been brought in the transferee district. Glass v. S & M NuTec, 456 F. Supp. 2d 498, 501 (S.D.N.Y. 2006). If venue in the transferee district is appropriate, the question is whether Section 1404(a) requires transfer in the interests of justice based on the following factors: "(1) the convenience of witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." Id; see also D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006). A district court has broad discretion to balance these factors and consider the evidence of convenience and fairness on a case-by-case basis in order to protect litigants and prevent the waste of time, energy, and

2

resources. See Van Dusen v. Barrack, 376 U.S. 612, 616 (1964); Filmline (Cross-Country) Prods., Inc. v. United Artists Corp., 865 F.2d 513, 520 (2d Cir. 1989).

The moving party has the burden of justifying transfer of venue. Plaintiff's choice of forum should control absent a "strong case for transfer." Filmline (Cross-Country) Productions, Inc. v. United Artists Corp., 865 F.2d at 521.

I.     This Action Could Have Been Brought in the District of New Jersey

Venue is determined pursuant to 28 U.S.C. § 1391(a), which provides that "a civil action wherein jurisdiction is founded only on diversity of citizenship may . . . be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."

Buena USA's principal place of business is in New Jersey. Therefore, this action could have been filed in New Jersey, and the Court must evaluate whether transfer is warranted.

II.     Convenience of the Witnesses

The location and convenience of witnesses is an important factor in deciding whether to transfer a case. See Ford Motor Co. v. Ryan, 182 F.2d 329, 331 (2d Cir. 1950). To assess the convenience of the witnesses, the Court examines the number of witnesses, their respective residence and the "materiality, nature, and quality of each witness." Royal & Sunalliance v. British Airways, 167 F. Supp. 2d 573, 577 (S.D.N.Y. 2001).

Defendants anticipate calling the following witnesses: (1) Joseph Caruso, Sr., Buena USA's managing member; and (2) Joseph Foley, the signator on Stuart's employment contract.

3

Both witnesses maintain residences in New Jersey, and defendants argue they would be inconvenienced by being called to testify in New York.

Plaintiffs anticipate calling the following witnesses: (1) Lemery Greisler, Stuart's spouse's human resources manager; (2) Stephen Stein, an accountant; and (3) representatives of the Syracuse, New York, office of Opici NY. All of these witnesses are residents of New York, and plaintiffs argue they would be inconvenienced by travel to New Jersey.

Plaintiffs note that Mr. Caruso, as the managing member of Buena USA, is properly considered a party rather than a non-party witness. They also argue Mr. Foley has consented to venue in New York and will not be inconvenienced by testifying there. Defendants respond that a New York court may not have power to subpoena Mr. Foley if he chooses not to testify. See Nieves v. American Airlines, 700 F. Supp. 769, 772 (S.D.N.Y. 1988); Saminsky v. Occidental Petroleum Corp., 373 F. Supp. 257, 259 (S.D.N.Y. 1974) (witness availability and convenience are the most important factors to consider when deciding venue transfer motion). As discussed in more detail below, because both defense witnesses are either agents or employees of defendants, the Court does not anticipate they will refuse to testify and so this element is irrelevant to its analysis of convenience. Because important witnesses from both sides will be compelled to travel regardless of where the case is venued, this factor is neutral.

III.    Location of Relevant Documents and Access to Sources of Proof

The relevant documents and other evidence concerning Stuart's claims are likely to be stored at defendants' headquarters, which are located in either New Jersey or Florida. However, courts have repeatedly found that, given the ease of electronic data storage and transfer, this factor is not as important as it once was. See, e.g., Am. Steamship Owners Mut. Protection & Indent. Ass'n, Inc. v. Lafarge N. Am., Inc., 474 F. Supp. 2d 474, 484 (S.D.N.Y. 2007) ("The

4

location of relevant documents is largely a neutral factor in today's world of faxing, scanning and emailing documents."). Therefore this factor is neutral.

IV.   Convenience of the Parties

Because district courts have broad discretion in making determinations of convenience under Section 1404(a), convenience and fairness are assessed on a case-by-case basis. D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006).

Defendants argue that they would be inconvenienced by having to travel from New Jersey to New York to defend the action. They further argue that because defendant Buena is located in Florida, it will be easier for it to travel to New Jersey than to New York. Conversely, plaintiffs argue that they would be inconvenienced by having to travel from New York to New Jersey.

The Court notes that travel between this District and the District of New Jersey is not overly burdensome and can be accomplished in a few hours at most. Since either plaintiffs or defendants will have to travel no matter where the action is brought, and neither will be substantially inconvenienced by doing so, this factor is neutral.

V.   Locus of Operative Facts

Plaintiffs argue that the locus of operative facts is in New York because plaintiffs' employment contracts were signed, performed, and breached in New York. Defendants argue that the corporate decisions of defendants occurred in New Jersey, where they are headquartered. They further argue that any contacts with plaintiffs likely arose in New Jersey. Defendants' arguments are unavailing. Most, if not all, of defendants' conduct occurred in New York, and this factor strongly favors plaintiff's choice of forum.

5

VI.  Ability to Compel Unwilling Witnesses

Although defendants assert that Mr. Foley, a key witness, is not bound by his prior consent to venue in New York, ability to compel "is generally relevant only with respect to third-party witnesses, since employees of the parties will as a practical matter be available in any venue by virtue of the employment relationship." TM Claims Serv. A/S/O v. KLM Royal Dutch Airlines, 143 F. Supp. 2d 402, 406 (S.D.N.Y. 2001). Because Mr. Foley executed Stuart's employment agreement on Buena's behalf, he is considered to be in an employment relationship with Buena and is presumed to not require a subpoena.[1] Furthermore, he has signed an affidavit consenting to venue in the Southern District of New York. At this point, neither party has affirmatively asserted that any witness is unwilling to travel. Thus, this factor is neutral.

VII.  Relative Means of the Parties

The "relative financial hardship on the litigants and their respective abilities to prosecute or defend an action in a particular forum are legitimate factors to consider." Michelli v. City of Hope, 1994 WL 410964, at *3 (S.D.N.Y. 1994). In this case, plaintiffs are two individuals while defendants are two corporations, and thus defendants have a greater ability to travel for the purposes of litigation. This factor weighs against transfer.

VIII.  The Forum's Familiarity with Governing Law

Because all of the events giving rise to plaintiffs' claims occurred in New York, New York law will apply. And because this Court is likely more familiar with the governing law than is the District of New Jersey, this factor slightly favors plaintiffs' choice of forum.

---

[1] The Court has no reason to believe that Mr. Foley's employment relationship with defendants has ended.

6

IX.    Plaintiffs' Choice of Forum

Plaintiffs chose to file suit in this district because they live in New York and most, if not all, of the events giving rise to their claims occurred in New York.  Because plaintiffs' choice of forum should control absent a compelling case for transfer, this factor strongly favors plaintiffs. See Filmline (Cross-Country) Productions, Inc. v. United Artists Corp., 865 F.2d at 521.

X.    Trial Efficiency and the Interests of Justice

In light of these factors, the Court finds that transfer would not be in the interests of justice.  Plaintiffs have chosen this forum and defendants have failed to establish a strong case for transfer.  The events giving rise to plaintiffs' claims occurred in this forum and would be governed by New York law.  The remaining factors either favor plaintiffs or are neutral, and thus a change in venue is unwarranted.

## CONCLUSION

For the foregoing reasons, the Court DENIES defendants' motion to transfer venue. (Docs. #8, #9).  The Clerk is instructed to terminate these motions.

Dated: December 12, 2011
       White Plains, New York

SO ORDERED:

Vincent L. Briccetti
United States District Judge